UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
GARRETH MURRELL INDIVIDUALLY and
ON BEHALF OF OTHERS SIMILARLY SITUATED,

                                 Plaintiff

                             - against -

DENNIS SHIPPING COMPANY, INC.,
DENNIS HAWTHORNE, and JENNIFER CAMPBELL,

                                 Defendants.
-----------------------------------------------------------X

SETTLEMENT, RELEASE, WAIVER,

COLLECTIVE ACTION
UNDER 19 U.S.C § 216(b)

CIVIL ACTION NO.
1:15-CV-03861

### SETTLEMENT, RELEASE, WAIVER, AND NON-DISCLOSURE AGREEMENT

This Settlement, Release, Waiver, and Non-Disclosure Agreement (hereinafter "Agreement") is entered into this 17th day of November 2015 between Garreth Murrell, on his behalf and on behalf of his heirs, executors, administrators, attorneys, successors, assigns, agents and representatives (hereinafter "Mr. Murrell"), and Dennis Shipping Company, Dennis Hawthorne, and Jennifer Campbell on their own behalf and on behalf of their present and former trustees, affiliates, officers, employees, agents, attorneys, successors and assigns, and all employee benefit plans maintained by any of the above entities and their fiduciaries and plan administrators (hereinafter "Dennis Shipping Company, et al"), in settlement of all of Mr. Murrell's claims against the Defendants as of the date of this Agreement.

**WHEREAS**, Mr. Murrell was hired by the Defendants as a warehouse laborer on an at-will basis on or about July 11, 2013.

WHEREAS, Mr. Murrell's employment with Dennis Shipping Company ended on January 8, 2014;

WHEREAS, Dennis Shipping Company and Mr. Murrell (collectively "the Parties") desire to resolve all Mr. Murrell's claims against Dennis Shipping Company on mutually accepted terms without the further expense or inconvenience of litigation;

NOW, THEREFORE, Dennis Shipping Company and Mr. Murrell agree as follows:

1. It is expressly understood that this Agreement and the settlement it represents are entered solely for the purpose of avoiding further expense of litigation. This Agreement and the settlement it represents do not constitute an admission by Dennis Shipping Company of any violation of any federal, state or local law or any duty whatsoever, whether based in statute, common law, or otherwise. Dennis Shipping Company expressly denies any such violation.

2. In consideration of the representations, promises, and release and waiver contained herein, and in full and final settlement of any and all claims, including the Fair Labor Standards Act of 1938, 29 U.S.C §§ 201 et seq. ("FSLA") and New York Labor Law; for violations of New York Labor Law §§ 190 et seq. and §§ 650 et seq. ("NYLL"); and for lost wages and compensatory, liquidated and punitive damages for unlawful retaliation in violation of 29 U.S.C. § 215(a)(3) and NYLL § 215, including applicable liquidated damages, interest, attorneys' fee, and costs Mr. Murrell has or may have against Dennis Shipping Company, the Parties agree that Dennis Shipping Company shall pay Mr. Murrell Twenty Three Thousand Five Hundred Dollars ($23,500.00)(the "Settlement Amount") in two separate checks as set out as follows:

(a) One check, made payable to "McManus & Richter, PC" in an an amount of Eleven Thousand Seven Hundred and Fifty Dollars ($11,750.00) for reasonable attorneys' fees incurred in this action, from which no deductions shall be made, and shall be reported on Forms 1099 to Garreth Murrell and McManus & Richter, P.C.

(b)  One check made payable to "Garreth Murrell" in the amount of Eleven Thousand Seven Hundred and Fifty Dollars ($11,750.00) in connection with Mr. Murrell's claim for overtime wages, from which payroll deductions shall be made, and shall be reported on a Form W-2 to Garreth Murrell.

The Settlement Amount shall be delivered to McManus and Richter P.C., counsel for Mr. Murrell, within sixty (60) days following the date of receipt by counsel for Dennis Shipping Company, Roger V. Archibald, PLLC, 26 Court Street, Suite 711, Brooklyn, New York 11242, of this Agreement fully executed by Mr. Murrell and Dennis Shipping Company and fully executed Forms W-9 by Mr. Murrell and McManus & Richter, P.C.

3.  Pursuant to Mr. Murrell's and his attorney's representations hereunder, pertaining to reasonable attorneys' fees incurred, Dennis Shipping Company will not withhold taxes from certain portions of the Settlement Amount, which proceeds shall be reported on Forms 1099 as set out in paragraph 2.

4.  Mr. Murrell and Dennis Shipping Company expressly agree that the Settlement Amount pursuant to this Agreement is in full satisfaction of any and all claims that Mr. Murrell had, has, or may have against Dennis Shipping Company, as of the date of this Agreement, for any and all claims, including, but not limited to, wages, damages and attorneys' fees from any source (including fees incurred by any attorney, paralegal, consultant, service provider, expert, or medical provider). However, this is not to be construed as a waiver of rights to vested benefits, if any, Mr. Murrell has or had under Dennis Shipping Company's pension, disability, long-term disability, retirement benefit plans, 401(k), life and health insurance plans, or any similar benefits plans. Mr. Murrell further agrees to accept full responsibility for any and all claims, including attorneys' fees asserted against the Settlement Amount, and that he will indemnify and hold Dennis Shipping Company harmless from any such claims. Mr. Murrell further agrees that he shall not claim to be, and shall not be deemed to be, a "prevailing party" as that term is used in any statute providing for the award of

attorneys' fees.

5. In consideration of the payments and provisions described above and for other good and valuable consideration, Mr. Murrell will accept the benefits provided herein in full and complete satisfaction of any and all rights of any kind or description that he has or may have against Dennis Shipping Company as of the date of his execution of this Agreement with respect to any asserted and unasserted claims of any kind or description, known or unknown, including but not limited to claims arising under any federal, state and local employment law and any other employment statute, executive order, law and ordinance, including, but not limited to, the Fair Labor Standards Act of 1938, 29 U.S.C §§ 201 et seq. ("FSLA") and New York Labor Law; for violations of New York Labor Law §§ 190 et seq. and §§ 650 et seq. ("NYLL"); and for lost wages and compensatory, liquidated and punitive damages for unlawful retaliation in violation of 29 U.S.C. § 215(a)(3) and NYLL § 215, including applicable liquidated damages, interest, attorneys' fee, and costs.

6. In consideration of the payments and provisions described above, Ms. Murrell will release and forever discharge and by this instrument releases and forever discharges Dennis Shipping Company from any and all liability, damages, costs or fees of any kind or description that Dennis Shipping Company has or may have to him as of the date of his execution of this Agreement, including but not limited to liability arising under any federal, state and local employment law and any other employment statute, executive order, law and ordinance, including, but not limited to, the Fair Labor Standards act of 1938, 29 U.S.C §§ 201 et seq. ("FSLA") and New York Labor Law; for violations of New York Labor Law §§ 190 et seq. and §§ 650 et seq. ("NYLL"); and for lost wages and compensatory, liquidated and punitive damages for unlawful retaliation in violation of 29 U.S.C. § 215(a)(3) and NYLL § 215, including applicable liquidated damages, interest, attorneys' fee, and costs.

7. Mr. Murrell represents that he has not filed against Dennis Shipping Company, other than the

lawsuit which is the subject of this settlement agreement, any additional complaints, lawsuits, grievances, arbitrations or demands for arbitration regarding any acts or omissions occurring prior to his execution of this Agreement with any local, state or federal court, governmental agency or arbitration tribunal, and will not file any grievances, complaints or lawsuits regarding any acts or omissions occurring prior to his execution of this Agreement with any bargaining representative; local, state or federal court; or arbitration tribunal. Mr. Murrell expressly waives any claim to any form of monetary or other damages or other form of recovery or relief in connection with any grievance he has filed or any grievance, action or other proceeding which has been or may be filed on his behalf. This paragraph shall not prohibit Mr. Murrell from instituting legal action for the sole purpose of enforcing this agreement.

8. Mr. Murrell hereby affirms that he has not disclosed to any person or entity, the terms and conditions of this Agreement or the negotiations leading thereto, and hereby agrees and covenants that neither he nor anyone acting on his behalf will publish, publicize, disseminate, communicate or cause to be published, publicized, disseminated or communicated, to any entity or person whatsoever, including, but not limited to, the news media, directly or indirectly, this Agreement, the terms of settlement, the discussions and circumstances preceding settlement, or the negotiations leading thereto, except to Mr. Murrell's immediate family, legal counsel and his accountants or tax advisors. This confidentiality agreement shall not prohibit Mr. Murrell from testifying in any legal proceeding wherein he is duly subpoenaed or directed by court order to give testimony. Mr. Murrell agrees that if asked about his claims against Dennis Shipping Company, he and/or anyone acting on his behalf will respond only that the matter has been resolved to the mutual satisfaction of the Parties.

9. Mr. Murrell agrees not to apply for reemployment or otherwise seek to be hired, rehired, employed, re-employed or reinstated by Dennis Shipping Company, or seek to provide services in any manner to Dennis Shipping Company in the future. Mr. Murrell agrees that execution of this Agreement shall

constitute "good cause" for the rejection of his application for re-employment or other provision of services notwithstanding this provision and that such rejection will not give rise to any claim or cause of action.

10. Dennis Shipping Company agrees that it will follow standard policy with regard to any inquiries it may receive from prospective employers as to Mr. Murrell. Specifically, Dennis Shipping Company will respond to any such inquiry by providing only Mr. Murrell's dates of employment, and title/position during Mr. Murrell's employment at Dennis Shipping Company. Dennis Shipping Company expressly agrees not to state, publicize, publish, or express in any way the circumstances of Mr. Murrell's separation from Dennis Shipping Company. Dennis Shipping Company, Dennis Hawthorne and Jennifer Campbell shall not disclose any information pertaining to Murrell's employment and/or claims against Dennis Shipping Company to any third parties unless required to do so by law or pursuant to a legal subpoena.

11. The terms of this Agreement, including all facts, circumstances, statements, and documents, shall not be admissible or submitted as evidence in any litigation, in any forum, for any purpose, other than to secure enforcement of the terms and conditions of this Agreement, or as may otherwise be required by law.

12. The validity and construction of this Agreement shall be governed by the laws of the State of New York, excluding its conflict-of-law principles.

13. This Agreement sets forth the entire agreement between Mr. Murrell and Dennis Shipping Company, and supersedes any and all prior oral and written agreements between them. This Agreement may not be altered, amended, or modified except by a further writing signed by the Parties.

14. The failure of Mr. Murrell or Dennis Shipping Company to insist upon strict adherence to any term of this Agreement on any occasion shall not be considered a waiver thereof or deprive that party of the right

thereafter to insist upon strict adherence to that term or any other term of the Agreement.

15. If any of the provisions, terms or clauses of this Agreement are declared illegal, unenforceable, or ineffective in a legal forum, those provisions, terms, and clauses shall be deemed severable, such that all other provisions, terms and clauses of this Agreement shall remain valid and binding upon the Parties.

16. This Agreement is executed voluntarily and without any duress or undue influence on the Parties or their officers, employees, agents or attorneys, if any, and no party is relying on any inducements, promises or representations other than as set forth herein. The Parties acknowledge that they have been given the opportunity to be represented by counsel in the negotiation and preparation of this Agreement and that they are aware of the contents of this Agreement and of its legal effect.

17. Mr. Murrell further represents and acknowledges that he has carefully read this Agreement; that he fully understands the terms, conditions and significance of this Agreement; that the consideration provided under this Agreement is in addition to anything of value to which he is already entitled; that he has had at least twenty-one (21) days to consider this Agreement; and that he enters into this Agreement voluntarily and knowingly. Mr. Murrell understands that he has seven (7) days following his execution of this Agreement in which to revoke this Agreement in writing and that the Agreement will not become effective or enforceable unless and until the seven (7) day revocation period expires without Mr. Murrell revoking the Agreement. Mr. Murrell also acknowledges that he has been advised to consult with an attorney of his choosing prior to signing this Agreement.

18. This Agreement may be signed in counter-parts.

19. By signing this Agreement below, the Parties indicated hereunder agree to and accept the provisions contained herein.

Garreth Murrell

By: _____   Date: November 21, 2015
Garreth Murrell
An Individual

```
ALAIN METRA
Notary Public - State of New York
NO. 01ME6294766
Qualified in Kings County
My Commission Expires Dec 23, 2017
```

STATE OF NEW YORK )
                 ) ss.:
COUNTY OF Kings  )

On 21st Nov 2015, before me personally came Garreth Murrell, to me known and known to be the individual described in and who executed the foregoing Agreement, and duly acknowledged to me that he executed the same.

_____
Notary Public

DENNIS SHIPPING COMPANY, INC.

By: _____   Date: November ___, 2015

_____   Date: November ___, 2015
Dennis Hawthorne
An Individual

_____  Date: November ____, 2015
Jennifer Campbell
An Individual